## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ERIN R. MARKLEY,

      Petitioner,

      v.                          CASE NO.  21-3067-JWL

KENDALL JAMES,
Residential Reentry Manager,

      Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner filed her petition in the United States District Court for the Central District of Illinois. The matter was transferred to this Court on March 4, 2021, because Petitioner is in federal custody at the Residential Reentry Center ("RRC") in Leavenworth, Kansas. Petitioner alleges that the Bureau of Prisons ("BOP") has failed to award her earned time credits  ("ETCs") she is entitled to under the First Step Act ("FSA") due to her completion of various programs. The Court issued an Order (Doc. 5) requiring Respondent to show cause why the writ should not be granted and setting a deadline for Petitioner to file a traverse. Respondent filed an Answer and Return (Doc. 10), but Petitioner has failed to file a traverse by the deadline. The Court finds that Petitioner does not allege facts establishing a federal constitutional violation and denies relief.

## I.  Background

Petitioner is currently serving her federal sentence at an RRC in Kansas.  Petitioner was convicted of one count of Conspiracy to Distribute 500 Grams or More of Methamphetamine. *See* Doc. 10–1, Declaration of Case Manager C. Hardiman ("Hardiman decl."), ¶ 4 and Attachment A.  Petitioner was sentenced to seventy-two months of imprisonment with five years

of supervised release, and currently has a projected release date of January 27, 2022 via good conduct time release.  *Id*.

Petitioner was determined to be eligible to earn FSA ETCs under 18 U.S.C. § 3632(d).  *See* Hardiman decl. ¶ 5, Attachment B.  Petitioner is currently scored MEDIUM and was previously scored as HIGH on the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN").  *See id*., Attachments B and C.

The BOP has identified Evidence Based Recidivism Reduction Programs ("EBRR") and productive activities in each of the needs areas for which inmates may earn FSA time credits.  *See* Hardiman decl. ¶ 7, Attachment D.  Petitioner's needs have been assessed in thirteen (13) areas and she was found to be in need in ten (10) areas—Antisocial Peers, Cognitions, Family/Parenting, Work, Medical, Mental Health, Financial/Poverty, Recreation/Leisure/Fitness, Substance Abuse, and Trauma.  *See* Hardiman decl., ¶ 6, Attachments B and C.

Eligible inmates can earn ETC's at the rate of 10 days per every 30 days of successful participation in EBRR programming or productive activities.  Inmates who have a MINIMUM or LOW PATTERN score over 2 consecutive assessments that have not increased their risk score, can earn an additional 5 days per 30 days of successful participation in EBRR programming or productive activities.  Thus, once an inmate completes 30 days (240 hours), the inmate can be considered to have earned 10 or 15 days of ETCs.  For each additional 30-day increment, 10–15 days of ETCs are added.  *See* Hardiman decl., ¶ 9.  An inmate having a PATTERN score of MEDIUM or HIGH is eligible to complete FSA programs with corresponding needs for time credits; however, these programs and their credits are not applied until the inmate has received a MINIMUM or LOW risk PATTERN score for two consecutive assessments. *See* Hardiman decl., ¶ 5; 18 U.S.C § 3624(g)(1)(B).

The BOP has interpreted First Step time credits as only being available for EBRR programming and productive activities assigned and completed after January 15, 2020. *See* 85 Fed. Reg. 75268-01, at 75272 (proposed regulation 28 C.F.R. § 523.42(d)(1)), 2020 WL 6889145 (Nov. 25, 2020).   On or after January 15, 2020, Petitioner has completed one approved and assigned EBRR program (Seeking Safety) or productive activity in areas where she has an identified need and which qualifies for 12–16 FSA time credits.  *See* Hardiman decl., ¶ 8, ¶ 10; Attachments D and E.

Pursuant to 18 U.S.C. §3624(g), earned time credits can be used toward prerelease custody or supervised release, when accumulated credits are equal to the remainder of the prison term.  Petitioner has approximately 270 days remaining on her sentence and has, at most, 16 qualifying earned time credits.  *See* Hardiman decl., ¶ 11.

## II.  Discussion

### 1.  Exhaustion

Generally, a federal prisoner must exhaust available administrative remedies before commencing a habeas corpus petition under 28 U.S.C. § 2241.  *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542.   Respondent acknowledges that Petitioner has exhausted her administrative remedies with respect to the issues presented in her Petition.  (Doc. 10, at 2.)

### 2.  Standard of Review

To obtain habeas corpus relief, an inmate must demonstrate that "[sh]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S. C. § 2241(c)(3).  A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence.  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809,

3

811 (10th Cir. 1997).

### 3. Credits Under the FSA

The FSA was enacted into law on December 21, 2018. Among other things, the FSA directs the BOP to take specific actions regarding inmate programming, time credits, and compassionate release. The FSA directed the Attorney General to develop a risk and needs assessment system within 210 days of enactment. 18 U.S.C. § 3632(a). The law further requires the BOP to use the risks and needs assessment system to: (1) determine the recidivism risk and classify each inmate as having a minimum, low, medium, or high risk for recidivism; (2) determine the type of EBRR programming appropriate for each inmate; and (3) implement a system of "time credits" and other incentives to encourage inmate participation in the programming. *See id.* at § 3632(a)–(d).

Petitioner alleges that she should be entitled to release as of January 28, 2021, based on her participation in programs under the FSA. (Doc. 1, at 2.) Petitioner cites 18 U.S.C. § 3632(a)(1)(4) and § 3635 in support of her claims. *Id.* Section 3632(a)(1)(4) provides that:

> **(a) In general.**—Not later than 210 days after the date of enactment of this subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system (referred to in this subchapter as the "System"), which shall be used to—
> . . .
> (4) reassess the recidivism risk of each prisoner periodically, based on factors including indicators of progress, and of regression, that are dynamic and that can reasonably be expected to change while in prison . . .

18 U.S.C. § 3632(a)(1)(4). Section 3635 contains the definitions applicable to the subchapter.

Many of the programs Petitioner relies on for credit under the FSA were completed prior to the implementation of the FSA. *See* Doc. 1, at 18–27. The FSA explicitly precludes an

inmate from earning time credits for EBRR programs the inmate successfully completed prior to the enactment of the FSA. 18 U.S.C. § 3632(d)(4)(B)(i).  The Attorney General was allowed 210 days after the First Step Act was enacted, on December 21, 2018, to develop and publish the Risk and Needs Assessment System, which the BOP was to use as a guide to implement the programs. *Id*. at § 3632(a). The Attorney General published the Risks and Needs Assessment System on July 19, 2019.[1]  The BOP then had 180 days, or until January 15, 2020, to implement the system, complete inmate assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs.  *Id*. at § 3621(h); *see Kurti v. White*, Civil No. 1:19-cv-2109, 2020 WL 2063871, at *5 (M.D. Pa. April 29, 2020) (denying habeas relief and finding that programs completed before the January 15, 2020 implementation of the FSA are not eligible for FSA credit).

Respondent argues that Petitioner's request for credit is premature because:  1) ETCs can only be applied toward prerelease custody or supervised release when the accumulated credits are equal to the remainder of the prison term; and 2) the BOP is not required to apply ETCs until the end of the FSA's designated phase-in period on January 15, 2022.  *See* 18 U.S.C. § 3624(g)(1)(A) and § 3621(h)(2).

To be eligible under § 3624(g)(1)(A), Petitioner would need earned credits in an amount that is equal to the remainder of her prison term.  Section 3624(g)(1) provides:

> **(g)  Prerelease custody or supervised release for risk and needs assessment system participants.—**
> **(1) Eligible prisoners.—**This subsection applies in the case of a prisoner (as such term in defined in section 3635) who—
>> **(A)** has earned time credits under the risk and needs assessment system developed under subchapter D (referred

---

[1]   The First Step Act of 2018: Risk and Needs Assessment System, accessible online at https://nij.ojp.gov/sites/g/files/xyckuh171/files/media/document/the-first-step-act-of-2018-risk-and-needs-assessment-system_1.pdf (last visited April 30, 2021).

to in this subsection as the "System") in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment;

**(B)** has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;

**(C)** has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and

**(D)(i)** in the case of a prisoner being placed in prerelease custody, the prisoner--

> **(I)** has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or

> **(II)** has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that--

> > **(aa)** the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;

> > **(bb)** the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and

> > **(cc)** the prisoner is unlikely to recidivate; or

**(ii)** in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

18 U.S.C. § 3624(g)(1).

Respondent has shown that considering Petitioner's projected release date of January 27, 2022, she has approximately 270 days remaining on her sentence and has, at most, 16 qualifying earned time credits. Petitioner has not refuted this calculation. Petitioner has also failed to refute the fact that she has not been determined to be a minimum or low risk to recidivate.

Petitioner has not shown that she is currently eligible for the application of credits under the FSA. Petitioner has failed to demonstrate that "[sh]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Skaftouros v.*

*United States*, 667 F.3d 144, 158 (2d Cir. 2011) (citing  *Walker v. Johnston,* 312 U.S. 275, 286 (1941) ("On a hearing [the § 2241 petitioner has] the burden of sustaining his allegations by a preponderance of evidence.")); *Espinoza v. Sabol,* 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner.") (citations omitted); *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (the burden of proof was upon the petitioner); *Wilson v. Keffer*, Civil Action No. 08–1961, 2009 WL 1230020, at *4 (W.D. La. May 5, 2009) ("In order to state a claim for relief pursuant to 28 U.S.C. § 2241, a *habeas corpus* petitioner must allege and ultimately establish that he is in custody in violation of the Constitution and laws of the United States; and, the habeas petitioner has the burden of proof with regard to his claims for relief.").

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition for habeas corpus is **denied.**

**IT IS SO ORDERED**.

**Dated May 3, 2021, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**